IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **TRELVIN BYRD** § | |
| § | |
| **V.** § | |
| § | Civil Action No.: 4:20-cv-1144 |
| **DHANJU KUMAR** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff TRELVIN BYRD files this, his Original Complaint, complaining of and against Defendant DHANJU KUMAR. For cause of action, Plaintiff respectfully shows this Court the following:

### I. PARTIES

1.1     Plaintiff Trelvin Byrd, an individual, is a citizen of the State of Louisiana, residing in Baton Rouge, East Baton Rouge Parish, Louisiana.

1.2 Defendant Dhanju Kumar, an individual, is a citizen of the State of California and may be served with process at 4765 N. Rumi, Fresno, CA 93727, or wherever he may be found.

### II. JURISDICTION & VENUE

2.1     The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiff and the named Defendant and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

2.2 Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

### III.   FACTS

3.1 This lawsuit results from a motor vehicle collision that occurred on May 14, 2019, at approximately 2:07 PM in the 5900 block of North Freeway Interstate Highway 35. At the time of the collision, Plaintiff, who was the seat-belted driver of a 2019 Freightliner tractor-trailer, had been traveling southbound on Interstate Highway 35 in the outside lane. Defendant Kumar, who was operating a 2014 Freightliner tractor-trailer, had been traveling southbound on Interstate Highway 35 in the inside lane. At the time of the collision, Defendant Kumar changed lanes striking Plaintiff's right side. Because Defendant Kumar changed lanes without proper lookout for Plaintiff, Defendant Kumar's vehicle violently collided with Plaintiff's vehicle. As a result of the collision, Plaintiff sustained serious injuries and damages, including injuries to his neck, back and other injuries to his body.

### IV. CAUSES OF ACTION

#### COUNT 1.   NEGLIGENCE OF DEFENDANT KUMAR

4.1 Plaintiff incorporates by reference all facts alleged in the preceding and foregoing paragraphs.

4.2 The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Defendant Kumar's negligent and negligent *per se* acts and/or omissions including but not limited to one or more of the following:

    a.    Failing to yield the right of way in violation of Tex. Trans. Code § 545.1511, and §545.256 and 49 C.F.R. 392.2;

    b.    Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    c.    Failing to pay that degree of attention that a person using ordinary prudence would have used under the same or similar circumstances;

    d.    Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Trans. Code §545.401;

    e.    Failing to operate his tractor/trailer in accordance with the laws, ordinances, and regulations found in the Tex. Trans. Code being negligence per se in violation 49 C.F.R. § 392.2.

    f.    Failing to comply with the Federal Motor Carrier Safety Regulations; and

    g.    Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se.*

4.3    Defendant Kumar is independently liable for the foregoing negligent acts and/or omissions.

4.4    Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiff. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

### COUNT 2.    NEGLIGENCE PER SE OF DEFENDANT KUMAR

4.5 Plaintiff incorporates by reference all facts alleged in the preceding and foregoing paragraphs.

4.6 Pleading further, Plaintiff would show that Defendant Kumar's conduct violated specific provisions of law, including, but not limited to, sections 545.060(a), 545.103, 545.104, 545.151,

545.256, 545.401, §545.415 of the Texas Transportation Code, Subtitle C, "Rules of the Road," and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the protection of the law abiding public, a class of which Plaintiff is a member, and by reason thereof, Defendant Kumar was negligent in the operation of the truck as a matter of law, and such negligence *per se* singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

## V.   DAMAGES

5.1 Plaintiff incorporates by reference all facts alleged in the preceding and foregoing paragraphs.

5.2 As a direct and proximate result of the negligent and/or negligent *per se* conduct of Defendant Kumar and the subject collision, Plaintiff sustained serious personal injuries. As a result of these injuries, he has suffered the following damages:

    a.    Reasonable and necessary medical expenses incurred by or on behalf of Plaintiff in the past;

    b.    Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

    c.    Past physical pain and suffering;

    d.    Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

    e.    Past mental anguish;

    f.    Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

    g.    Past physical impairment;

      h.      Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

      i.      Lost Wages; and

      j.      Loss of Earning Capacity.

5.3 Plaintiff seeks fair and reasonable compensation for his damages together with prejudgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

5.4 All damages sought herein are within this Court's jurisdictional limits.

## VI. PRAYER FOR RELIEF

6.1 PREMISES CONSIDERED, Plaintiff requests that Defendant Kumar be summoned to appear and answer and that, upon final trial of this cause, Plaintiff have:

      a.      actual damages within the jurisdictional limits of this Court;

      b.      pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

      c.      costs of Court; and

      d.      all such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,
FORESTER HAYNIE PLLC

*/s/ J. Forester*
**J. Forester**
Texas Bar No. 24087532
jay@foresterhaynie.com
400 N. St. Paul St, Suite 700
Dallas, TX 75201
(214) 210-2100 phone
(214) 346-5909 fax

ATTORNEYS FOR PLAINTIFFS

AND

SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON, SMITH & JONES LAW FIRM

By: */s/ David R. Hagan*
DAVID R. HAGAN
State Bar No. 24099170
dhagan@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606-2909
Telephone: (903) 757-7000
Facismile: (903) 757-7574